Filed 11/29/22  P. v. Daley CA2/3
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>     v.<br><br>ALCLIFF M. DALEY,<br><br>          Defendant and Appellant. | B301243<br><br>(Los Angeles County<br>Super. Ct. No. SA052445) |

APPEAL from an order of the Superior Court of Los Angeles County, Mark E. Windham, Judge.  Remanded with direction.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee and Daniel C. Chang, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

A jury convicted Alcliff Daley of first degree murder with a true finding on a special circumstance. Years after he was convicted, Daley petitioned the trial court in 2019 for vacation of his conviction and for resentencing under then recently-enacted Penal Code[1] section 1172.6.[2] The trial court summarily denied relief, and we affirmed that order on appeal. (*People v. Daley* (Jan. 29, 2021, B301243 [nonpub. opn.].) Our California Supreme Court granted review and has now transferred the matter back to us with the direction to vacate our decision and to reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*) and *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*). Doing so, we conclude that the trial court's order must be reversed, and the matter remanded for further proceedings.

## BACKGROUND[3]

I.      The murder and Daley's conviction

In 2004, Daley and Rohan McDermott planned to steal marijuana from Troy Lewis and Dwane Godoy. After luring the men into Daley's apartment, Daley pointed a gun at Godoy and Lewis, and McDermott taped their hands behind their backs. Daley threatened to kill them and leave their bodies to rot in a closet. When Daley noticed that Godoy had managed to free his

---

[1]      All further undesignated statutory references are to the Penal Code.

[2]      Effective June 30, 2022, section 1170.95 was renumbered to section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

[3]      We derive the factual and procedural background primarily from our unpublished opinion in this case, of which we take judicial notice. (Evid. Code, § 451, subd. (a).)

hands, he put the gun to Godoy's head and again threatened to kill him. McDermott retaped Godoy's hands and also taped his feet. When McDermott and Daley exited the apartment, Godoy managed to free himself and escaped after struggling with McDermott, who was outside the front door. Lewis did not escape. His body was discovered in the apartment; he had been shot in the forehead.

A jury found Daley guilty of first degree murder with true findings on special circumstance allegations that the murder was committed during an attempted kidnapping and an attempted robbery. (§§ 187, subd. (a), 190.2, subd. (a)(17)(A) & (B).)[4] It also found Daley personally used a firearm during the offense. (§§ 12022, 12022.53, subd. (b).) The trial court sentenced Daley to life in prison without the possibility of parole, plus 10 years. In 2007, this Division affirmed the judgment of conviction. (*People v. Daley* (Oct. 18, 2007, B190721) [nonpub. opn.].)

II.    Section 1172.6 petition

In 2019, after passage of Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437), Daley filed a petition for vacation of his murder conviction and resentencing. Using a preprinted form, he checked boxes stating that he had been convicted of murder pursuant to the felony-murder rule or the natural and probable consequences doctrine; he was not the actual killer; he did not, with the intent to kill, aid and abet the actual killer; he was not a major participant in the felony or did not act with

---

[4]    Daley and McDermott were tried separately. McDermott was also found guilty of special circumstance first degree murder with a true finding on an allegation that a principal was armed during the offense (§ 12022, subd. (a)(1)).

3

reckless indifference to human life; and he could not now be convicted of first degree felony murder in light of changes to section 189 effectuated by Senate Bill 1437. He also checked a box requesting that counsel be appointed for him.

On June 28, 2019, the trial court summarily denied the petition. Daley was not present and was not represented by counsel. The court found Daley was ineligible for relief as a matter of law because the jury's true findings on the special circumstance allegations established that he intended to kill or was a major participant in the murder and acted with reckless indifference to human life. Further, the trial court found that Daley was the actual killer based on the jury's finding that he personally used a firearm.

Daley appealed the order denying his petition. We affirmed the order, rejecting his argument that the trial court erred by summarily dismissing his petition based on the jury's special circumstance finding, without appointing counsel for him. (*People v. Daley*, *supra*, B301243.)

Thereafter, our California Supreme Court issued *Strong*, *supra*, 13 Cal.5th 698 and *Lewis*, *supra*, 11 Cal.5th 952, both of which clarified the scope of section 1172.6. The People have submitted supplemental briefing arguing that remand is unnecessary under *Strong* and *Lewis* because the record establishes that Daley was the actual killer. In his supplemental briefing, Daley disagrees, arguing that the record does not establish his ineligibility for relief at this stage of the proceedings.

## DISCUSSION

Senate Bill 1437, which took effect on January 1, 2019, limited accomplice liability under the felony-murder rule and

4

eliminated the natural and probable consequences doctrine as it relates to murder, to the end of ensuring that a person's sentence is commensurate with his or her individual criminal culpability. (*People v. Gentile* (2020) 10 Cal.5th 830, 842–843.) As relevant here, Senate Bill 1437 amended the felony-murder rule by adding section 189, subdivision (e), which provides that a participant in the perpetration of qualifying felonies is liable for felony murder only if the person: (1) was the actual killer; (2) was not the actual killer but, with the intent to kill, acted as a direct aider and abettor; or (3) the person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in section 190.2, subdivision (d). (*Gentile*, at p. 842.)

Senate Bill 1437 also added section 1172.6, which created a procedure whereby persons convicted of murder under a now-invalid felony-murder theory may petition for vacation of their convictions and resentencing. A defendant is eligible for relief under section 1172.6 if the defendant meets three conditions: (1) the defendant must have been charged with murder under a theory of felony murder, (2) must have been convicted of first or second degree murder, and (3) could no longer be convicted of first or second degree murder due to changes to sections 188 and 189 effectuated by Senate Bill 1437. (§ 1172.6, subd. (a).) If a petitioner makes a prima facie showing of entitlement to relief, the trial court shall issue an order to show cause (§ 1172.6, subd. (c)) and hold an evidentiary hearing at which the prosecution bears the burden of proving "beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder" under the law as amended by Senate Bill 1437 (§ 1172.6, subd. (d)(3)).

In his original appeal challenging the trial court's order denying his petition, Daley raised four arguments. First, the trial court erred by denying his petition without appointing counsel. Second, a trial court is not permitted to go beyond the allegations in the petition and examine the record to determine eligibility until counsel is appointed and an evidentiary hearing has occurred under section 1172.6, subdivision (d). Third, the trial court erred by finding him ineligible based exclusively on the jury's special circumstance findings, which predated our Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), cases which clarified who is a major participant in a felony who acts with reckless indifference to human life. Finally, the jury's true findings on gun use allegations do not establish he was the actual killer and therefore ineligible for resentencing.

As to Daley's first and second contentions, *Lewis, supra*, 11 Cal.5th at page 957, held that "petitioners are entitled to the appointment of counsel upon the filing of a facially sufficient petition . . . and that only after the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.'" It is undisputed here that Daley filed a facially sufficient petition. Therefore, he was entitled to appointment of counsel.

As to Daley's third and fourth contentions, *Strong, supra*, 13 Cal.5th at pages 719 to 720, held that a pre-*Banks* and *Clark* finding that the defendant was a major participant who acted with reckless indifference does not preclude the defendant from making a prima facie case for relief under section 1172.6, even if the trial evidence was sufficient to support the findings under

6

*Banks* and *Clark*.  Here, Daley's jury found true two special circumstance allegations:  that the murder was committed during an attempted kidnapping and an attempted robbery.  (§ 190.2, subd. (a)(17)(A) & (B).)  Although the record does not contain the jury instructions or reveal the People's theory of murder it relied on, Daley's counsel asserts that his jury was instructed with CALJIC No. 8.80.1.  That instruction provided that, if the jury concludes a defendant was not the actual killer (or if it is unable to determine whether he was), it cannot find the special circumstances true unless it is satisfied beyond a reasonable doubt that the defendant, with the intent to kill, directly aided and abetted the murder; or, with reckless indifference to human life and as a major participant, aided and abetted the underlying offenses.  The instruction also stated that a defendant acts with reckless indifference to human life when he knows or is aware that his acts involve a grave risk of death to an innocent human being.  Any jury finding that Daley was a major participant in the felony who acted with reckless indifference to human life predated *Banks* and *Clark*.  Under *Strong*, the finding does not preclude Daley's eligibility for possible resentencing.

The People counter that Daley nonetheless was ineligible for resentencing because he was the actual killer, pointing to the jury's true findings on gun use allegations under sections 12022 and 12022.53, subdivision (b), and the evidence adduced at trial. The People further assert that any error in failing to appoint counsel for Daley was therefore harmless.  (See generally *Lewis*, *supra*, 11 Cal.5th at p. 957 [failure to appoint counsel subject to harmless error analysis under *People v. Watson* (1956) 46 Cal.2d 818].)

7

However, a finding that a defendant personally used a gun does not by itself necessarily prove the defendant was the actual killer, because a gun can be used in different ways during a crime; for example, if two robbers commit a crime together, one could display a gun to intimidate a robbery victim while the other robber could use a gun to shoot the victim. (*People v. Garrison* (2021) 73 Cal.App.5th 735, 743; see also *People v. Offley* (2020) 48 Cal.App.5th 588 [§ 12022.53, subd. (d) finding does not necessarily preclude eligibility for § 1172.6 relief].)  Even so, when the facts show that only one person used a gun and all evidence points to that person, "the true finding on a personal use enhancement demonstrates that the defendant was the actual killer." (*Garrison*, at p. 744.)  That was the case in *Garrison*, where after a section 1172.6, subdivision (d), evidentiary hearing, the evidence demonstrated that only one robber used a handgun, so Garrison's admission that he used a gun was necessarily an admission he was the shooter.  (*Garrison*, at p. 744.)

*Garrison* is distinguishable.  First, although the evidence here was that the surviving witness Godoy only saw Daley use a gun, Godoy escaped and was not present when Lewis was killed. The evidence and verdicts do not rule out the possibility that McDermott then shot Lewis.  (See, e.g., *People v. Langi* (2022) 73 Cal.App.5th 972, 980 [despite statement in prior opinion that defendant threw the lethal punch, record as a whole left room to question that conclusion].)  Second, the finding that Garrison was the actual killer was made *after* an evidentiary hearing under section 1172.6.  Unlike in *Garrison* where no additional evidence was introduced at the evidentiary hearing, Daley could introduce additional evidence.  While we therefore cannot rule out that

8

Daley was the actual shooter, that finding cannot be made in the absence of an evidentiary hearing.

## DISPOSITION

The order denying Alcliff Daley's petition is reversed and the matter is remanded with the direction to the trial court to appoint counsel for Daley, to issue an order to show cause, and to conduct an evidentiary hearing in accordance with Penal Code section 1172.6, subdivision (d)(3).

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

I concur:

LAVIN, J.

EGERTON, J.

9